BILL BROWDER V. STATE.

No. A-3158.   Opinion Filed April 26, 1919.

(180 Pac. 570.)

INTOXICATING LIQUORS—Second Violation of Prohibitory Law—
Sufficiency of Evidence.   The entire record in this case carefully
read and considered, and the evidence found—though in conflict
and somewhat circumstantial—sufficient to reasonably support
the verdict of the jury, and that no prejudicial error intervened
in the trial of the case.

*Appeal from District Court, Stephens County;*
*Cham Jones, Judge.*

Bill Browder was convicted of a second violation of
the prohibitory liquor laws, and he appeals.   Affirmed.

*J. B. Wilkinson,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst.
Atty. Gen., for the State.

ARMSTRONG, J.   The plaintiff in error, Bill Brow-
der, hereinafter styled "defendant," was prosecuted by in-
formation for a second violation of the prohibitory liquor
laws, convicted, and sentenced to imprisonment in the
county jail of Stephens county for 30 days, and to pay a
fine of $50 and costs of this prosecution, and to be con-
fined in said jail until said fine and costs are satisfied as
required by law.   To reverse the judgment rendered, he
prosecutes this appeal.

The material evidence in this case is that, at the time
averred in the information, an officer saw the defendant
go to a wagon standing loaded in the street in the city of
Duncan, and take something from the pocket of the over-
coat he was wearing and put it in the said wagon, under

some bedclothes in said wagon; that the officer watched the defendant from the time he (defendant) went to the wagon and left, and that the officer was about 30 steps from, but on the opposite side of, the wagon, and that immediately after the defendant walked away from said wagon the officer went to the wagon, lifted up the said bedclothes, and found a pint bottle of whisky. There was also evidence by a witness for the defendant that a party connected with said wagon bought said pint of whisky from an unknown bootlegger whom witness had never seen since, that he paid $1.25 for it, and told the bootlegger to put it in the wagon; that he did not buy the whisky from the **defendant.**

The defendant did not testify in the case, and upon the conclusion of the evidence requested the court to direct the jury to acquit the defendant, which the court refused to do, and the defendant **excepted.**

It is insisted that the court erred in not directing a verdict for the defendant, and with this insistence we cannot agree. It is true that the evidence was in conflict and to some extent circumstantial; but we think that there was sufficient evidence to reasonably support the verdict of the jury.

The jury are the exclusive judges of the facts, and when there is evidence sufficient, though the evidence is in conflict, to reasonably sustain the verdict rendered, this court—as held by its unbroken line of decisions—will not disturb the verdict.

The court did not err in overruling the motion for a new trial.

The judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J., concur.